**Famody DIOP, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1756–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

60

Marialarrie Alinsunurin, Christophe & Associates, P.C., New York, NY, for Petitioner.

Marty J. Jackley, United States Attorney for the District of South Dakota, Andrew R. Damgaard, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Famody Diop, a native and citizen of Senegal, seeks review of a March 16, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Famody Diop*, A78 227 031 (B.I.A. Mar. 16, 2006). Previously, the BIA had affirmed the November 13, 2000 decision of Immigration Judge ("IJ") Sandy K. Hom denying Diop's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Famody Diop*, No. A78 227 031 (B.I.A. Mar. 13, 2003), *aff'g* No. A78 227 031 (Immig. Ct. N.Y. City Nov. 13, 2000). We assume the parties' famil-

iarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citation omitted).

 The BIA did not abuse its discretion in denying Diop's motion as time-barred, when it was filed nearly three years after the BIA dismissed his appeal, and none of the regulatory exceptions applied. *See* 8 C.F.R. §§ 1003.2(c)(2)(a motion to reopen must be filed within 90 days of the final administrative decision), 1003.2(c)(3) (providing exceptions). Diop argues in his brief to this Court that the BIA should have equitably tolled the filing deadline, while the government contends that we lack jurisdiction to address this issue, pursuant to 8 U.S.C. § 1252(d)(1), because Diop failed to exhaust it before the BIA. This issue is arguably subsidiary to those issues Diop did raise, *see Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005), but even assuming jurisdiction, we find that this argument plainly fails on the merits. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006). The equitable tolling doctrine is available only to aliens who missed a filing deadline because they were prevented in some extraordinary way from exercising their rights—such as victims of ineffective assistance of counsel—and then only if they subsequently exercised due diligence in pursuing their rights. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Iavorski v. INS,* 232 F.3d 124, 132–34 (2d Cir.2000).

Diop has not argued, nor does the record show, that he was prevented in any way from filing his motion earlier. Diop was married and had filed his immigrant visa petition within the 90-day period immediately following the BIA's denial of his appeal, yet gave no reason why he did not also file his motion to reopen within that time. Therefore, the equitable tolling doctrine is not applicable to Diop's case. Finally, Diop's challenge to the BIA's decision not to invoke its sua sponte authority to reopen under 8 C.F.R. § 1003.2(c)(1) is not reviewable, because such a decision is entirely discretionary. *Ali,* 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.